United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) )  Criminal Case No. 19-20844-CR-Scola |
| Luis Raul Vicente Fonseca, Defendant. | ) ) ) |

### **Order Denying Motion to Dismiss**

    Defendant Luis Raul Vicente Fonseca asks the Court to dismiss the indictment against him based on what he claims is a violation of 18 U.S.C. § 3174. (Def.'s Mot., ECF No. 93.) According to Fonseca, the 180-day judicial-emergency period set forth in the Speedy Trial Act has expired. The Government opposes the motion, pointing out that § 3174 does not apply in this case. (Gov't's Resp., ECF No. 96.) The Court agrees with the Government and **denies** Fonseca's motion (**ECF No. 93**).

    By way of background, a grand jury in the Southern District of Florida returned an indictment, on December 19, 2019, charging Fonseca with three counts of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). (ECF No. 5.) Over a year later, on February 18, 2021, a superseding indictment was returned, charging Fonseca with one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) and one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). (ECF No. 42.) Previously, Fonseca sought, initially on a pro se basis, to dismiss the indictment under the Speedy Trial Act, maintaining that the 70-day period under 18 U.S.C. § 3161 had expired. (ECF Nos. 69, 72.) The Court denied that motion, finding that only 39 of the 70 days in the Speedy Trial Act period had lapsed. (ECF No. 75.) In reaching its conclusion, the Court specifically noted that all other time had been tolled, between the filing of various motions, including Fonseca's motion to suppress, and the Court's administrative orders relating to the COVID pandemic. (*Id.*)

    Shortly thereafter, in September 2021, the Court granted the parties' joint motion to continue the trial until November 22, 2021. (ECF Nos. 76, 77.) On November 22, during a status conference, the Court granted Fonseca's *ore tenus* motion to continue the trial date, once again, until February 14, 2022,

again excluding the delay, in the interests of justice, under the Speedy Trial Act. (ECF No. 86.) Two months later, on January 21, 2022, Fonseca filed the motion now under consideration, insisting that the 180-day, judicial-emergency period of 18 U.S.C. § 3174 has expired.

But § 3174, the "Judicial emergency and implementation" provision of the Speedy Trial Act, is, as the Government points out, inapplicable here. Section 3174 allows a chief judge of United States district court, if the judge finds his or her district under-resourced, to apply to the judicial council of the respective circuit court for a temporary suspension of the Speedy Trial Act. 18 U.S.C. § 3174(a)–(b). Upon this application, the judicial council may suspend the Speedy Trial Act "for a period of time not to exceed one year for the trial of cases," with the caveat that "time limits from indictment to trial shall not be increased to exceed one hundred and eighty days." § 3174(b). While some district courts across the country looked to § 3174 to suspend time limits in response to the pandemic, the District Court for the Southern District of Florida did not. Instead, here, the chief judge entered a series of administrative orders tolling the Speedy Trial Act during the pandemic. *See generally* U.S. District Court, Southern District of Fla., Administrative Orders relating to COVID-19, https://www.flsd.uscourts.gov/administrative-orders-relating-COVID-19 (last visited Feb. 4, 2022). In accordance with these administrative orders, this Court independently ordered the continuance of this case, finding that the interests of justice served by a continuance outweighed any interest of the public or Defendant in a speedy trial. Ultimately, the procedures by which this case proceeded—the chief judge's administrative orders followed by this Court's ends-of-justice orders—satisfied the requirements of the Speedy Trial Act. *Cf. United State v. Dunn*, No. 20-CR-80085, 2021 WL 4516138, at *9 (S.D. Fla. Oct. 1, 2021) (Altman, J.) ("In the end, Dunn's Motion fails because we—the judges assigned to his case—have excluded from the speedy -trial computation almost every day that passed between his arrest and his Indictment.").

Accordingly, Fonseca's argument, centering on § 3174, is immaterial. In this district, the chief judge has never declared a judicial emergency, has never invoked Section 3174, and has never applied to the council of the Eleventh Circuit. And, in this particular case, the Court has entered successive orders to continue, either with the Fonseca's consent or at his urging, each time finding that the ends of justice served by a continuance outweigh any interest of the public or the Defendant in a speedy trial. (ECF Nos. 27, 31, 33, 36, 41, 44, 59, 77, & 86).

In short, the 180-day period from indictment to trial in § 3174 has no bearing on this case. The Court, therefore, **denies** Fonseca's motion to dismiss the indictment. (**ECF No. 93**).

**Done and Ordered** in Miami, Florida, on February 4, 2022.

_____
United States District Judge
Robert N. Scola, Jr.