United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, <br> Plaintiff <br><br> v. <br><br> Luis Raul Vicente Fonseca, <br> Defendant. | ) <br> ) <br> ) <br> ) Criminal Case No. 19-20844-CR-Scola <br> ) <br> ) <br> ) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on Defendant Luis Raul Vicente Fonseca's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 210.)[1] The Government has responded in opposition (Gov't's Resp., ECF No. 211) but Fonseca has not replied and the time do so has passed. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** Fonseca's motion for a reduction of sentence. (**ECF No. 210**.)

### 1. Background

On September 12, 2022, following a guilty verdict at trial, the Court sentenced Fonseca to a below-the-guidelines sentence of 120 months' imprisonment for the distribution (count one) and possession (count two) of child pornography involving a prepubescent minor who had not attained twelve years of age. (ECF Nos. 170, 182.) Deducting two points from Fonseca's total offense level for acceptance of responsibility, the Court calculated his guideline range to be 168 to 210 months, with an offense level of 35 and a criminal history category of I. (ECF No. 203, 27, 38.)

Since Fonseca was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors" ("Amendment 821"). Fonseca now seeks retroactive application of Amendment 821 to the Court's judgment.

---

[1] Fonseca initially indicated that the motion was unopposed but, after the motion was filed, the Government notified Fonseca that it had changed its position. (Gov't's Resp., 1 n. 1, ECF No. 211.)

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, if both conditions are satisfied, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As noted, the retroactive amendment that Fonseca invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. As set forth in Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.*

Here, Fonseca fails to meet the fifth criterion because he was convicted of a sex offense. U.S.S.G § 4C1.1(a)(5). A "sex offense" means an offense (including an attempt or conspiracy) "perpetrated against a minor" under Chapters 109A, 110 (not including a recordkeeping offense), or 117 (not including transmitting information about a minor or filing a factual statement about an alien individual) or Section 1591 of Title 18 of the United States Code. U.S.S.G § 4C1.1(b)(2).

Here, Fonseca distributed and possessed thousands of images of child pornography. (Gov't's Mot. 6 (citing PSI ¶ 10, 18).) Accordingly, Fonseca was convicted of distribution and possession of child pornography involving a prepubescent minor, which are offenses under Chapter 110, Title 18. Thus, as §

4C1.1 is inapplicable to Fonseca, his guideline range remains unchanged and he is ineligible for a sentence reduction. *See* 18 U.S.C. § 3582(c)(2) (district courts authorized to reduce sentence for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); U.S.S.G. § 1B1.10(a)(1) (defendants eligible only where "the guideline range applicable to that defendant has subsequently been lowered").

Additionally, even if the Court were to apply a two-point reduction, Fonseca's original 120-month sentence would still be lower than the bottom of the new guideline range (135 to 168 months, based on a level 33 and a criminal history of I), precluding further reduction: pursuant to the applicable policy statement, the Court cannot reduce a defendant's term of imprisonment below the minimum of the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced.") (cleaned up).

While there is one narrow exception to this general rule, it does not apply here. Under subdivision (B), "[i]f the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). This "comparably less" carveout, however, applies only to defendants who cooperated with the government and received a sentence reduction either under U.S.S.G. § 5K1.1 or Rule 35(b). When "[t]he Commission amended § 1B1.10(b)(2)," it "prohibit[ed] § 3582(c)(2) reductions below a prisoner's amended guidelines range, unless the original sentence had been below the applicable guidelines range because of a reduction based upon the defendant's substantial assistance to authorities." *United States v. Colon*, 707 F.3d 1255, 1259 (11th Cir. 2013); *see also United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1335-36 (11th Cir. 2017) (same).

In this case, Fonseca did not provide any substantial assistance to the government. And there has been no "government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B). Thus, he is ineligible for a sentence reduction based on this exception.

As a final note, since the application of Amendment 821 would not reduce Fonseca's sentence, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

### 4. Conclusion

Accordingly, based on the foregoing, the Court **denies** Fonseca's motion for a reduction of his sentence (**ECF No. 210**.) Separately, the Court also **denies** Fonseca's motion to dismiss (**ECF No. 212**). As the Court has previously advised Fonseca (ECF Nos. 133, 207), a party who is represented by counsel may not appear pro se, acting on his own behalf, except, at the Court's discretion, in open court. S.D. Fla. L.R. 11.1(d)(4).

**Done and ordered** at Miami, Florida on June 14, 2024.

_____
Robert N. Scola, Jr.
United States District Judge